IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:03CR36 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| JUAN M. RODRIGUEZ, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant Juan M. Rodriguez's Motion to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner under 28 U.S.C. § 2255 (Filing No. 305). The court has reviewed the defendant's motion and the applicable law and concludes that defendant's motion is denied.

## FACTUAL BACKGROUND

On November 19, 2007, Rodriguez filed his § 2255 Motion arguing that the government's notice pursuant to 21 U.S.C. § 851 was filed out of time and that, consequently, he received ineffective assistance when his counsel failed to object to the invalid motion. Filing No. 305, pp. 4, 6-7.

On January 23, 2003, a federal grand jury returned a four-count indictment charging Rodriguez and others with controlled substance offenses. Filing No. 1. In Count I of the indictment, the grand jury charged Rodriguez with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1), and 846. In Count III, the grand jury charged Rodriguez with possession with intent to distribute 50 grams or more but less than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). In Count IV

the grand jury charged Rodriguez with criminal forfeiture pursuant to 21 U.S.C. § 853. On February 11, 2003, Rodriguez entered a plea of not guilty on all counts. Filing No. 10.

On April 3, 2003, Rodriguez filed a motion to suppress all physical evidence seized from his residence (4511 S. 21st Street) during the execution of a search warrant on December 4, 2002, and all statements he made to police following his arrest on December 5, 2002. Filing No. 46. Rodriguez claimed the affidavit used to obtain the search warrant contained stale information and undated police intelligence, rendering the affidavit misleading. Filing No. 47. He also joined co-defendant Gypsy Rodriguez's Motion for a Franks Hearing to challenge the veracity of the affidavit and the existence of probable cause. Filing No. 48.

On April 24, 2003, the grand jury returned a superseding indictment that set forth one additional charge. Filing No. 59. In Count V, the grand jury charged Rodriguez with illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). Filing No. 59. The superseding indictment further alleged Rodriguez was subject to sentencing under 8 U.S.C. § 1326(b)(2) because he had previously been convicted of an aggravated felony. Filing No. 59. Rodriguez entered a plea of not guilty to the superceding indictment. Filing No. 66.

On November 17, 2003, this court adopted Magistrate Judge Thomas D. Thalken's Report and Recommendation, denying Rodriguez's motion to suppress and his objection to Magistrate Judge Thomas D. Thalken's Report and Recommendation. Filing No. 101. On March 5, 2004, the government filed a Notice of Information to Establish Prior Conviction pursuant to the provisions of 21 U.S.C. § 851. Filing No. 149. The Information alleged Rodriguez had two prior convictions on or about June 22 and July 29, 1993, in Los

Angeles, California. Filing No. 149 at ¶¶ 1, 2. The Information put Rodriguez on notice, prior to trial, that the government intended to seek an enhanced penalty based on his prior felony convictions.

Trial commenced on March 8, 2004. Filing No. 159. At the close of the government's case, and again at the close of the defendant's case, Rodriguez moved to dismiss the charges due to insufficient evidence. Trial Transcript ("Tr.") at 489-90, 584. The court denied both motions. Tr. 496, 584.

On March 15, 2004, the jury returned a guilty verdict, convicting Rodriguez on Counts I and III in the indictment. Filing No. 171. The jury also returned a special verdict, finding the currency amounts set forth in Count IV were drug proceeds subject to criminal forfeiture. Filing No. 172. On November 16, 2004, Rodriguez filed a Motion for New Trial. Filing No. 224. The court denied the motion but stated the court would not sentence Rodriguez based on drug quantities or other facts not found by the jury beyond a reasonable doubt.[1] Filing No. 227.

On December 20, 2004, and February 23, 2005, the court held Rodriguez's sentencing hearings. Filing Nos. 232 and 243 (no hyperlinks available). On December 14, 2004, prior to sentencing, the government filed a Notice of Intent to Adduce Evidence of Rodriguez's prior July 29, 1993, felony drug conviction, pursuant to Title 21 U.S.C. § 851. Filing No. 229. The government stated it would establish that Rodriguez's state felony conviction of Cal. Health & Safety Code § 11351.5 on July 29, 1993, was for possession and sale of cocaine base. Filing No. 229. Rodriguez stipulated to his prior felony drug

---

[1] The court issued this order before the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005).

3

conviction for the purpose of 21 U.S.C. § 851.4. Filing No. 256. Sentencing Transcript ("Str.") at 7, 13-14.  His attorney disputed, however, that the offense qualified for an enhancement. Str. at 11. The government offered the following evidence which the court subsequently received: The original fingerprint card made at the time of his arrest for the instant offense, Filing No. 231, Ex. 1; Certified copies of the judgment from the Los Angeles Superior Court along with a fingerprint card and a photograph of Rodriguez identifying the conviction in July of 1993, Filing No. 231, Ex. 2; and a certified copy of the Felony Complaint from the Los Angeles Superior Court along with the reporter's transcript of proceedings for July 9, and 29, 1993. Filing No. 231, Ex. 4.

Following argument, the court found, by a preponderance of the evidence, Rodriguez's previous conviction made 21 U.S.C. § 841(b) operative and increased his mandatory minimum to twenty years. Str. at 22-23. The court sentenced Rodriguez to 300 months in prison followed by ten years of supervised release. Str. at 34-35. Rodriguez timely filed a notice of appeal arguing the evidence was insufficient to support the jury's verdict, the court erred in denying his request for a Franks hearing, and the court abused its discretion in imposing an unreasonable sentence. Filing No. 247. The United States Court of Appeals for the Eighth Circuit affirmed the district court's conviction, but reversed the sentence and remanded the matter back to the district court for resentencing. Filing No. 284.

Rodriguez appeared before the court for resentencing on October 20, 2006. Filing No. 290. At that time, the court resentenced Rodriguez to a term of 240 months on Count I and 210 months on Count III, to be served concurrently, and a term of supervised release for ten years on Count I and five years on Count III, to run concurrently. Filing No. 290.

The court entered the Judgment on November 8, 2006. Filing No. 291.  Rodriguez did not appeal his resentencing.

On November 19, 2007, Rodriguez timely filed his § 2255 motion. Filing No. 305.

## Standard of Review

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962).  Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries.").

## DISCUSSION

Rodriguez argues that the government's notice pursuant to 21 U.S.C. § 851 was filed out of time and that, consequently, he received ineffective assistance when his counsel failed to object to the government's invalid information.  Upon review of the record and applicable law, the court concludes that the government did timely file notice pursuant

5

to 21 U.S.C. § 851. Rodriguez, therefore, did not receive ineffective assistance of counsel when his counsel failed to object to the government's filing of the Information.

The Sixth Amendment to the United States Constitution guarantees that an accused shall have "the Assistance of Counsel for his defense." U.S. Const. amend. VI. "It follows from this that assistance which is ineffective in preserving fairness does not meet the constitutional mandate . . . and it also follows that defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation." Mickens v. Taylor, 535 U.S. 162, 166 (2002) (citing Strickland v. Washington, 466 U.S. 668, 685-86 (1984)). *See also* Bell v. Cone, 535 U.S. 685, 695 (2002):

> We reasoned that there would be a sufficient indication that counsel's assistance was defective enough to undermine confidence in a proceeding's result if the defendant proved two things: first, that counsel's 'representation fell below an objective standard of reasonableness,' [Strickland,] 466 U.S. at 688. . . ; and second, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id.* at 694. . . . Without proof of both deficient performance and prejudice to the defense, we concluded, it could not be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' *id.* at 687. . . , and the sentence or conviction should stand.

In evaluating whether counsel's performance fell below an objective standard of reasonableness, the court must examine "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in

prevailing professional norms, is to make the adversarial testing process work in the particular case." *Id*. at 690.

At the same time, the court recognizes that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. *Strickland* requires the court to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Accordingly, a defendant must overcome the presumption that counsel's challenged action "might be considered sound trial strategy." *Id.*

In addition to demonstrating that counsel's performance is deficient, "i.e., that 'the identified acts or omissions were outside the wide range of professionally competent assistance' despite the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,'" the defendant must establish prejudice, i.e., that "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sanders v. United States,* 341 F.3d 720, 722 (8th Cir. 2003) (quoting *Strickland,* 466 U.S. at 694).

In the present case, the court concludes that Rodriguez's counsel did not render a deficient performance because the government did in fact comply with the statutory prescriptions of 21. U.S.C. § 851(a)(1). The statute merely requires that the government file an information "before trial, or before entry of a plea of guilty. . . ." 21 U.S.C. § 851(a)(1). Thus, "[t]he statute aims to give the defendant notice to comply with due process." *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir. 2004). "Congress enacted § 851(a)(1) and the procedure for filing an information to protect defendants from receiving increased statutory sentences . . . resulting from prior, incorrectly charged offenses . . .

and to give defendants the opportunity to show that they were not the persons convicted." *United States v. Wallace*, 895 F.2d 487, 489 (8th Cir.1990) (citations omitted). "Notice is sufficient if a defendant receives notice of the prior conviction, the effect it would have on the maximum sentence, and an opportunity to dispute the conviction." *United States v. Roundtree*, 534 F.3d 876, 881 (8th Cir. 2008) (internal quotations omitted). The government filed its Information on March 5, 2004, three full days before trial commenced on March 8, 2004. Rodriguez's counsel, therefore, did not render defective performance when he declined to challenge the government's entry of the Information on March 5, 2004.

## CONCLUSION

For the aforementioned reasons, this court dismisses defendant's § 2255 Motion with prejudice. Accordingly,

IT IS ORDERED:

1. That Rodriguez's § 2255 Motion (Filing No. 305) is dismissed with prejudice; and

2. The Clerk of Court is directed to mail a copy of this Memorandum and Order to defendant at his last known address.

DATED this 9th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge